UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FOOT LOCKER, INC., FAIR LABOR
STANDARDS ACT (FLSA) AND WAGE AND
HOUR LITIGATION                                                                                        MDL No. 2235


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Foot Locker, Inc., and Foot Locker Retail, Inc. (collectively Foot Locker) move to centralize this litigation in the Eastern District of Pennsylvania. This litigation currently consists of four actions pending in four districts, as listed on Schedule A. Plaintiffs in all actions oppose centralization.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. No party disputes that these actions share factual questions arising out of allegations that Foot Locker routinely fails to pay retail employees wages for work they performed. These actions allege that (1) the timekeeping system used by Footlocker allows managers to modify or decrease the time recorded; and (2) Footlocker's bonus policy encourages managers to force employees to work off-the-clock and to delete time recorded. As in *In re Bank of America Wage and Hour Employment Practices Litigation*, it appears that defendants' timekeeping and labor budgeting policies and practices are corporate-wide and uniformly applied. *See* 706 F. Supp. 2d 1369, 1371 (J.P.M.L. 2010). Discovery among these actions regarding defendants' corporate labor budgeting and timekeeping policies therefore will overlap. This litigation, like *In re Bank of America*, is distinguishable from wage and hour dockets "in which the Panel has denied centralization, because the duties of the employees at issue appeared to be subject to significant local variances." *Id*. at 1371, n. 3 (citing *In re Tyson Foods, Inc., Meat Processing Facilities Fair Labor Standards Act (FLSA) Litig.*, 581 F. Supp. 2d 1374, 1375 (J.P.M.L. 2008)).

Plaintiffs' primarily argue that informal coordination is preferable to centralization since only four actions are pending and plaintiffs are represented by common counsel. Plaintiffs make a strong case against centralization but, on balance, particularly given the likely overlap in discovery and pretrial proceedings, we are persuaded that centralization will promote the just and efficient conduct of this litigation. Though a large number of actions are not presently before the Panel, also weighing in favor of centralization is that additional related actions alleging similar class claims in other states could well be filed. Centralization in these circumstances will have the benefit of eliminating duplicative discovery; preventing inconsistent pretrial rulings, including with respect to class

---

[*]         Judge Barbara S. Jones took no part in the decision of this matter.

-2-

certification; and conserving the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is the most appropriate transferee district. The first-filed *Pereira* action has been pending there since May 2007, and Judge J. Curtis Joyner is familiar with the issues in this litigation. Although the *Pereira* action has been pending for some time, discovery is ongoing and, given that plaintiffs in all actions are represented by common counsel, plaintiffs will not be prejudiced by transfer to the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable J. Curtis Joyner for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Paul J. Barbadoro |

IN RE: FOOT LOCKER, INC., FAIR LABOR
STANDARDS ACT (FLSA) AND WAGE AND
HOUR LITIGATION                                                                 MDL No. 2235

# SCHEDULE A

District of Massachusetts

Marissa Smith v Foot Locker, Inc., C.A. No. 1:10-12233

District of New Jersey

Joann Hernandez, et al. v. Foot Locker, Inc., et al., C.A. No. 1:10-06789

Western District of North Carolina

Damita Kennedy v. Foot Locker, Inc., et al., C.A. No. 3:10-00570

Eastern District of Pennsylvania

Francisco Pereira v. Foot Locker, Inc., et al., C.A. No. 2:07-02157