UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FOOT LOCKER, INC., FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | No. 11-MDL-02235-JCJ<br><br>No. 07-cv-02157<br>No. 11-3567<br>No. 11-3568<br>No. 11-3590<br>No. 11-4268 |
| THIS DOCUMENT RELATES TO:<br><br>*All Actions* | Judge J. Curtis Joyner<br><br>*Electronically Filed* |

## FINAL APPROVAL AND JUDGMENT ORDER

On the 28th day of May, 2015, the Court heard Plaintiffs' Unopposed Motion for Final Approval of the Collective and Class Action Settlement, Certification of Settlement Classes, Approval of Allocation Formula and Appointment of Class Representatives (ECF No. 58), by Plaintiffs Francisco Pereira, Marissa Smith, Damita Kennedy, Joann Hernandez, Marissa Maguire, Hallie Brown, David Cheatham, Jr., Eric Guzman, and Edward Woo, on behalf of themselves and all others similarly situated, ("*Pereira* Plaintiffs"), Jennifer Hill, Matthew Knighton, and Andre Moore, on behalf of themselves and all others similarly situated ("*Hill* Plaintiffs") (collectively, "Named Plaintiffs"). The Court has considered the Joint Stipulation and Settlement Agreement ("Settlement Agreement") and all exhibits attached thereto, filed with the Court on November 17, 2014 (ECF Doc. No. 53), and all exhibits attached thereto, and the submissions and arguments of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Final Approval and Judgment Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation.

3. The Court finds that the terms of the Settlement memorialized in the Settlement Agreement, and filed with the Court, were negotiated at arm's-length, and are finally approved as fair, reasonable and adequate in light of the factual, legal, practical and procedural considerations raised by this litigation, and orders that the Settlement Agreement shall be consummated and implemented in accordance with its express terms and conditions.

4. The Court further finds that the Settlement satisfies the applicable standards for certification under Rule 23 of the Federal Rules of Civil Procedure based on underlying state law wage and hour claims, and certifies, for settlement purposes only, the following Illinois Settlement Class:

> All current and former hourly Foot Locker employee who worked at least one hour for Foot Locker in the State of Illinois any time between October 17, 2005 and May 13, 2011 as a retail associate (e.g., Sales Associate, Cashier, Stock Person, but not Assistant Store Manager or Store Manager), and did not timely request exclusion from the Illinois State Action prior to May 7, 2012, as required by the Illinois State Action Notice of Class Action.

5. The Court further finds that the Settlement satisfies the applicable standards for certification under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, more specifically 29 U.S.C. § 216(b), ("FLSA"), and certifies, for settlement purposes only, a collective action consisting of:

> All current and former hourly Foot Locker employees who worked at least one hour for Foot Locker in the United States any time between March 2, 2007 and March 2, 2010 as a retail associate (e.g., Sales Associate, Cashier, Stock Person, but not Assistant Store Manager or Store Manager), and (1) filed a FLSA Consent Form to participate in the FLSA Litigation, and (2) has not withdrawn his or her FLSA Consent Form prior to the execution of the Settlement Agreement.

6. The Applicable Class Periods for these Settlement Classes are as follows:

  a. FLSA Settlement Class – September 15, 2006 to December 9, 2014.

b.      Illinois Settlement Class – October 17, 2005 to December 9, 2014.

7.    The Court appoints Named Plaintiffs Francisco Pereira, Marissa Smith, Damita Kennedy, Joann Hernandez, Marissa Maguire, Hallie Brown, David Cheatham, Jr., Eric Guzman, and Edward Woo, Jennifer Hill, Matthew Knighton, and Andre Moore as class representatives.

8.    The Allocation Formula set forth in the Settlement Agreement is fair and reasonable, and thus approved without modification.

9.    The Class Notices as set forth in the Settlement Agreement, provided the best, practicable means of providing notice under the circumstances, and constituted due and sufficient notice of the proposed Settlement and Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED R. CIV. P. 23, due process, the Constitution of the United States, the laws of Pennsylvania and Illinois, and all other applicable laws.  The Class Notices were accurate, objective, informative, and provided Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

10.   _No_ objections to the Settlement were received by the Court.

11.   After due consideration of Named Plaintiffs' likelihood of success at trial, the range of Named Plaintiffs' possible recovery, the complexity, expense and duration of the litigation, and the state of proceedings at which the Settlement was achieved, the Court finds the Settlement to be fair, reasonable and adequate.  Further, in light of the significant possibility that Defendants could prevail on the merits based on one or more of the claimed defenses, it is clear that the Settlement falls well-within the range of settlement terms that would be considered fair,

3

reasonable and adequate.

12. The Claims Administrator shall cause the Settlement Consideration to be disbursed in accordance with the Settlement Agreement. Specifically, within thirty (30) calendar days following the Effective Date, the Claims Administrator shall mail to each Participating Class Member at his or her Last Known Address, or Updated Address if obtained, his or her Net Settlement Payment in accordance with the Settlement Agreement.

13. The FLSA Reminder Postcard (attached to the Settlement Agreement as Exhibit M), and the Illinois Reminder Postcard (attached to the Settlement Agreement as Exhibit N) are both approved. The Claims Administrator is authorized to mail these documents to the Members of the FLSA Settlement Class and Illinois Settlement Class as provided in the Settlement Agreement.

14. The Court shall retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees, reimbursement of reasonable litigation costs and expenses, and payment of reasonableness of Enhancement Payments pursuant to the Settlement Agreement.

15. Upon the Effective Date, and after Defendants have paid the Settlement Consideration and Settlement Administrative Costs in full, the Named Plaintiffs and each Participating Class Member, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of this Final Approval and Judgment Order shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Claims as set forth and defined in the Settlement Agreement.

16. In the event that the Effective Date does not occur, the Settlement and the

Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this action or any other matter.

17. This Final Approval Judgment Order shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability of any of the Parties.

18. This litigation is dismissed with prejudice upon the Effective Date. The Court hereby retains jurisdiction of all matters relating to the interpretation, implementation, effectuation, or enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order.

**IT IS SO ORDERED.**

DATE: July 16, 2015

BY THE COURT:

J. Curtis Joyner, U.S.D.J.